USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

MOISES COLON,

                              Petitioner,

        -against-

DALE A. ARTUS,

                              Respondent.

------------------------------------------------------------------x

08 Civ. 7028 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

      Petitioner Moises Colon brings this action seeking a writ of habeas corpus pursuant to 22 U.S.C. § 2254. This Court referred the matter to Magistrate Judge Gabriel W. Gorenstein, who issued a Report and Recommendation on April 10, 2009 summarizing the factual and procedural history of petitioner's state conviction and appeals process and recommending that the present petition be dismissed because it raised federal constitutional claims that the state appellate court had deemed procedurally barred pursuant to New York state law.

      On May 7, 2009, Colon filed objections to that Report and Recommendation with this Court. Principal among them was Colon's contention that, because the state court found both that his claims were procedurally barred and in the alternative that they were unsuccessful on the merits, People v. Colon, 845 N.Y.S.2d 731, 731-32 (1st Dep't 2007), there was no "clear expression" by the state court that its judgment was based on the state procedural bar. Cf. Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996) (a state court procedural default will bar habeas review only when "the last state court rendering a

judgment in the case clearly and expressly states that its judgment rests on a state procedural bar").

After de novo review of the Report and Recommendation and petitioner's objections, see 28 U.S.C. § 636(b)(1)(C), the Court concludes Colon's objections are without merit and that the Report and Recommendation should be adopted in its entirety. That Report correctly found that federal habeas review of Colon's federal constitutional claims is foreclosed because those claims were presented to the state court and deemed by that court to be barred by a state procedural law that was adequate to support that judgment. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006); Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (establishing guideposts for evaluating adequacy of state procedural bar). Magistrate Judge Gorenstein also correctly found that petitioner had made neither the showing of "cause and actual prejudice, or that he is actually innocent" necessary to allow this Court to address his otherwise procedurally barred claims. St. Helen v. Senkowski, 374 F.3d 181, 183-84 (2d Cir. 2004).

Colon's objections to the Report and Recommendation fail because it is well established in this circuit that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." Glenn, 98 F.3d at 725 (collecting authorities).

Accordingly, IT IS HEREBY ORDERED that:

    1.    Magistrate Judge Gorenstein's Report and Recommendation is adopted;

    2.    The petition pursuant to 28 U.S.C. § 2254 is dismissed.

      3.      As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007); and

      4.      Pursuant to 28 U.S.C. § 1915(a) the Court certifies that any appeal from this Order would not be taken in good faith.

Dated: New York, New York
       June 8, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.